UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS LEEBOLT,<br><br>        Plaintiff,<br>v.<br><br>HORNBECK OFFSHORE SERVICES, INC.,<br>        Defendant. | Civil No. 10cv0687 JAH(AJB)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**<br>[DOC. # 4] |

## INTRODUCTION

Currently pending before this Court is the motion to dismiss filed by defendant Hornbeck Offshore Services, Inc.'s ("defendant" or "Hornbeck") for lack of personal jurisdiction. The motion has been fully briefed by the parties. After a careful consideration of the pleadings and relevant exhibits submitted by the parties, and for the reasons set forth below, this Court GRANTS defendant's motion to dismiss the complaint for lack of personal jurisdiction.

## BACKGROUND

Hornbeck is a Delaware corporation with its principal place of business in Covington, Louisiana. Johnson Decl. ¶ 13. Plaintiff Thomas Leebolt ("plaintiff"), an employee of defendant and resident of California, filed the instant complaint on April 1, 2010, seeking relief for injuries he suffered while aboard defendant's vessel BJ BLUE RAY while it was docked pierside in Louisiana on February 18, 2010. Compl. ¶¶ 1, 7.

On June 11, 2010, defendant filed the instant motion to dismiss the complaint for

lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff filed an opposition to defendant's motion on June 28, 2010 and defendant filed a reply on July 26, 2010. The motion was subsequently taken under submission without oral argument. *See* CivLR 7.1(d.1).

## DISCUSSION

**1.   Legal Standard**

Under Federal Rule of Civil Procedure 12(b)(2), a court may dismiss a case for "lack of jurisdiction over the person." Fed.R.Civ.P. 12(b)(2). The Ninth Circuit has established a two prong test for determining if the Court's assertion of personal jurisdiction is proper: (1) "'jurisdiction must comport with the state long-arm statute,'" and (2) jurisdiction must comport "'with the constitutional requirement of due process.'" Mattel, Inc., v. Greiner & Hausser GMBH, 354 F.3d 857, 863 (9th Cir. 2003) (quoting Ziegler v. Indian River County, 64 F.3d 470, 473 (9th Cir. 1995)).

As to the first prong, California's long arm statute provides that "a court of this state may exercise jurisdiction on any basis not inconsistent with the Constitution of this State or of the United States." Cal. Civ. Proc. Code § 410.10 (2003). Because California law allows the exercise of jurisdiction to the same extent as due process under the United States Constitution, the only question is whether the exercise of jurisdiction over the defendant is constitutional. *See* Mattel, 354 F.3d at 863. Under a due process analysis, the Court may only exercise jurisdiction in accord with "traditional notions of fair play and substantial justice," thus the nonresident defendant is required to have "certain minimum contacts" with the forum state in order for jurisdiction to be proper. Id. (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

Personal jurisdiction may be found where the defendant's activities subject him to either general or specific jurisdiction. General jurisdiction exists where a nonresident defendant's activities within a state are "substantial" or "continuous and systematic." Data Disc, Inc. v. Systems Technology Associates, Inc., 557 F.2d 1280, 1287 (9th Cir. 1977). In the absence of general jurisdiction, a nonresident defendant may still be sued

in the forum if specific jurisdiction exists.  Id.  The Ninth Circuit has established a three part test to determine whether there is specific jurisdiction over a defendant:

> 'Specific' jurisdiction exists if (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privilege of conducting activities in the forum, (2) the claim arises out of or results from the defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable.

Mattel, 354 F.3d at 863 (quoting Bancroft & Masters, 223 F.3d at 1086 (9th Cir. 2000)).  The Court must assess the contacts of each defendant separately to determine whether personal jurisdiction exists for each particular defendant.  Harris Rutsky & Co. Ins. Servs. Inc. v. Bell & Clements Ltd., 328 F.3d 1122, 1130 (9th Cir. 2003); Sher v. Johnson, 911 F.2d 1357, 1365 (9th Cir. 1990); Gutierrez v. Givens, 1 F. Supp. 2d 1077, 1083 n. 1 (S.D. Cal. 1998).

Plaintiff bears the burden of making a *prima facie* showing that jurisdiction is proper.  Mattel, 354 F.3d at 862 (citing Harris Rutsky, 328 F.3d at 1128).  Although plaintiff need only make a *prima facie* showing that personal jurisdiction exists, plaintiff "cannot 'simply rest on the bare allegations of its complaint.'"  Id.; *see* Ochoa v. J.B. Martin and Sons Farms, Inc., 287 F.3d 1182, 1187 (9th Cir. 2001).  "To make that showing, [plaintiff] need only demonstrate facts that, if true, would support jurisdiction over the [d]efendants."  Id.  "'Conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a *prima facie* case for personal jurisdiction exists.'" Gator.com Corp. v. L.L. Bean, Inc., 341 F.3d 1072, 1075-76 (9th Cir. 2003) (quoting AT&T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996)); *see also* Doe v. Unocal Corp., 248 F.3d 915, 922 (9th Cir. 2001).

//
//
//
//
//
//

## 2. Analysis

Defendant moves to dismiss the instant complaint on the grounds that this Court lacks both general and specific jurisdiction over Hornbeck.

### a. General Jurisdiction

In regards to general jurisdiction, defendant notes that both "substantial" and "systematic and continuous" contacts with a forum state are high standards to be met. Doc. # 4 at 4 (citing, *inter alia*, Helicopteros Nationales de Columbia, S.A. v. Hall, 466 U.S. 408, 416 (1984); Cubbage v. Merchent, 744 F.2d 665, 667-68 (9th Cir. 1985); Schwarzenegger v. Fred Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004)). Defendant further notes that, in the Ninth Circuit, "continuous and systematic" contacts must "approximate physical presence." Id. (citing Bankroft & Masters, 233 F.3d at 1086). Thus, according to defendant, "[a]ssertion of general personal jurisdiction requires a high threshold of contacts with the forum, as it should, because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Id. at 5 (citing Schwarzenegger, 374 F.3d at 801).

Defendant contends that plaintiff's complaint lacks "any allegation demonstrating Hornbeck has contacts 'of the sort that approximate physical presence' in California." Id. (quoting Bancroft & Masters, 233 F.3d at 1086). Defendant points out that Hornbeck has, in fact, not conducted any activities or business in California. Id. at 5-6 (citing Johnson Decl. ¶¶ 3-15 (attesting to lack of any indicia of activity or business conducted in California, *e.g.*, offices, leases, subsidiaries, tax payments, real property, advertising, selling or providing products, registration, or agents for service of process, etc.)). Defendant further points out that the only contact defendant has had with California is when "the vessel HOS DOMINATOR was mobilized at the Naval Air Station at the north end of the Coronado peninsula for approximately four days in August 2009 ... in connection with work performed for the United States Navy 70 miles off the coast of California" on San Clemente Island. Id. at 7 (citing Johnson Decl. ¶ 16). Thus, defendant contends plaintiff has failed to meet his burden of demonstrating general jurisdiction exists

over defendant.  Id.

Plaintiff contends, in opposition, that cases in which subject matter jurisdiction is based on a federal question such as the Jones Act, such as this case, are subject to "a more relaxed standard of jurisdiction than diversity." Doc. # 5 at 2-3 (citing Handley v. Indiana & Michigan Electric Co., 732 F.2d 1265, 1268 (6th Cir. 1984)(finding that "[t]he increase in commercial transactions which touch two or more states has caused a relaxation in the role of the Due Process Clause as a guarantor against inconvenient litigation. Nevertheless, a defendant's connection with the forum state should be such that 'he should reasonably anticipate being haled into court there." ).  Plaintiff claims that defendant's lone contact with California is enough for this Court to find that Hornbeck should reasonably have anticipated being haled into court in California when it operated a vessel at North Island and San Clemente in California. Id. at 3.  In addition, plaintiff cites to another Jones Act case, in which the district court found that "'[e]ven when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum state, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation.'" Doc. # 5 at 4-5 (quoting Bass v. Energy Transportation Corp., 787 F.Supp. 530, 533-534 (D.Md. 1992)).  Plaintiff claims the contact presented by defendant is sufficient minimum contact to warrant jurisdiction here.[1]  Id. at 5.

Defendant, in reply, distinguishes the Handley case from this case because, in Handley, the court determined the defendant carried on continuous business in the forum state, whereas, here, no such determination can be made. Doc. # 9 at 3-4 (citing Handley, 732 F.2d at 1272 ("Where a nonresident corporation carries on substantial and more or less continuous business within a state it should reasonably expect to be required to defend actions in the courts of that state.")).  Defendant also distinguishes Bass, pointing out that

---

[1] Plaintiff lastly notes that he will suffer "a much greater hardship" if plaintiff is forced to pursue this case in Louisiana than defendant would suffer if required to defend the case here. Doc. # 5 at 6. Defendant, in reply, correctly points out that plaintiff's hardship is not a factor in determining general jurisdiction but could be considered in analyzing the third prong of the specific jurisdiction test which has been conceded to not be at issue here. *See* Doc. # 9 at 5 & n.14.  This Court, therefore, does not address this issue.

the Bass case involved a company that had a fifteen year relationship with a union that maintained its principal office in the forum state and had hired its seamen, including the plaintiff, through that union, along with visits and monthly telephone calls made to the forum, amounted to "purposeful activity" for purposes of personal jurisdiction. Id. at 4. Defendant argues that, here, there are no facts supporting a finding that Hornbeck regularly transacted business in California and, therefore, defendant cannot be said to reasonably anticipate being haled into court here. Id.

This Court agrees with defendant. Plaintiff appears to suggest that this Court should use a more "relaxed" approach in determining whether general jurisdiction exists simply because this Court's subject matter jurisdiction is based on the Jones Act. *See* Doc. # 5 at 2-4. However, this Court is unconvinced that the out-of-circuit cases cited by plaintiff make such a drastic distinction since both cases still analyzed due process concerns in terms of protecting the defendant from the burden of litigating in a foreign or inconvenient forum. *See* Handley, 732 F.2d at 1272 ("the purpose of minimum contacts is to protect the defendant from litigating in a distant or inconvenient forum"); Bass, 787 F.Supp. at 535 n. 23 ("due process is not offended ... when there are sufficient contacts between the State and the foreign corporation."). This Court's own independent research reveals that at least one court in this District did not use a relaxed approach in the due process examination in a Jones Act case. *See* Warn v. M/Y Maridome, 961 F.Supp. 1357, 1366 (S.D.Cal. 1997)(Brewster, J.)(finding lack of general jurisdiction because there were no "regular, continuous or systematic contacts with California."). This Court also declines to relax the general jurisdiction inquiry simply because this case is brought under the Jones Act.

Plaintiff does not dispute that defendant's only contact with California consisted of one Hornbeck vessel, not associated with this lawsuit, docked at North Island for four days. This Court finds this minimal contact clearly does not amount to substantial or systematic and continuous contact with California subjecting defendant to this Court's general jurisdiction.

   **b.**  **Specific Jurisdiction**

Defendant contends specific jurisdiction is also lacking. *See* Doc. # 4 at 7-11. Plaintiff does not dispute this contention in opposition, focusing on his attempt to relax the general jurisdiction rules. *See* Doc. # 5; *see also* Doc. # 9 at 2-3 ("Plaintiff appears to have conceded in his Opposition that there are no grounds for asserting specific jurisdiction over Hornbeck.") Defendant notes that plaintiff presents no allegations in his complaint or his opposition brief to support the prongs of the specific jurisdiction analysis test and, thus, has failed to meet his burden of presenting a *prima facie* showing that such jurisdiction exists. Id. (citing Sher v. Johnson, 911 F.2d 1357, 1361 (9th Cir. 1990)); *see* Mattel, 354 F.3d at 862.

This Court's review of the record reveals that defendant is correct. Plaintiff presents no allegations that could be construed as supporting any of the three prongs required to be met in order for specific jurisdiction to exist here. *See* Mattel, 354 F.3d at 862. Therefore, this Court finds plaintiff has failed to meet his burden of making a *prima facie* showing that specific jurisdiction is proper. Id. at 863.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that defendant's motion to dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction is **GRANTED** and the instant complaint is **DISMISSED without prejudice.**

DATED: November 12, 2010

               JOHN A. HOUSTON
               United States District Judge